UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division

Civ. Case No. 5:19-CV-27-D

L&M COMPANIES, INC., a North Carolina
corporation, and PALUMBO FOODS, LLC.,

    Plaintiffs,
vs.

UNIQUE FOOD COMPANY, INC.,
LOUIS J. DEANGELIS, BEVERLY A.
DEANGELIS, LOUIS J. DEANGELIS, JR.,
GINA D. BISSETTE, and BISSETTE
BROTHERS, LLC,

    Defendants.
_____/

## TEMPORARY RESTRAINING ORDER

On January 29, 2019, L&M Companies, Inc. ("L&M") and Palumbo Foods, LLC. ("Palumbo Foods") filed an ex parte motion for a temporary restraining order without notice pursuant to Rule 65 of the Federal Rules of Civil Procedure. After considering the record, including the declarations of Michael J. McGee, the Vice-President of Finance of L&M, Tonino C. Palumbo, to owner of Palumbo Foods, and Robert E. Goldman, attorney for the Plaintiffs, the certification of counsel why notice should not be required, the memorandum of law in support of the motion, and the relevant exhibits, the court makes the following findings of fact and conclusions of law.

Plaintiffs are creditors of defendant Unique Food Company, Inc. ("Unique Food") under section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). L&M has not been paid for produce it supplied to Unique Food in the principal amount of

1

$348,398.45, plus interest, and Palumbo Foods has not been paid for produce it supplied to Unique Food in the principal amount of $174,306.04, plus interest. Messrs. McGee of L&M and Palumbo of Palumbo Foods both testify that Unique Food has stopped operating, and Mr. Palumbo has testified that the Defendant Louis J. Deangelis, who is the President and an apparent owner of Unique Food, has told him that Unique Food cannot pay Palumbo Foods. Robert E. Goldman is co-counsel for L&M and Palumbo Foods, and he testifies that he has spoken to the attorney for another produce supplier who claims to be owed $306,000.00 for produce supplied to Unique Foods. As a result, PACA trust assets have been dissipated and are threatened with further dissipation.

For purposes of this temporary restraining order and in light of PACA's unique statutory scheme, the court finds that Plaintiffs have shown a likelihood of success on the merits and a likelihood of imminent irreparable harm. See, e.g., Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Nickey Gregory Co. v. Agricap, LLC, 597 F.3d 591, 594-95 (4th Cir. 2010); Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 137-41 (3d Cir. 2000); Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 156-60 (11th Cir. 1990); Cont'l Fruit Co. v. Thomas J. Gatziolis & Co., 774 F. Supp. 449, 453-54 (N.D. Ill. 1991). Additionally, there is little harm to defendants in granting the temporary restraining order, which requires only that defendants comply with PACA (i.e., maintain the trust required by statute and pay for the produce received), and in view of the testimony that Unique Food has stopped operating and closed. Moreover, the temporary restraining order furthers the public interest reflected in PACA's statutory scheme.

In sum, the court finds that this ex parte temporary restraining order without notice is appropriate. Thus, plaintiffs motion for a temporary restraining order is GRANTED with respect

to the defendants other than the defendant Bissette Brothers, LLC, who the Plaintiffs did not move against, and it is ORDERED that:

(1) pending the hearing of plaintiffs application for a preliminary injunction, defendants, their agents, employees, officers, directors, subsidiaries, related entities, assigns, and banking institutions are temporarily restrained and enjoined from alienating, dissipating, paying over, or assigning any assets of Unique Food or their subsidiaries or related companies, except for payment to plaintiffs, until further order of this court or until defendants pay plaintiff L&M $348,398.45 and plaintiff Palumbo Foods $174,306.04, by bank check or wire transfer, at which time this order is dissolved; and

(2) it is further ORDERED that, pursuant to Fed. R. Civ. P. 65(b)(2), this order shall expire on February 19, 2019 unless before that time the court, for good cause, extends it or defendants consent to a longer extension; and

(3) it is further ORDERED that, pursuant to Fed. R. Civ. P. 65(b)(4), on three (3) days' notice to plaintiffs, defendants may appear and move to dissolve or modify the order; and

(4) it is further ORDERED that if defendants fail to pay plaintiff L&M $348,398.45 and plaintiff Palumbo Foods $174,306.04, by bank check or wire transfer within three (3) business days of service of this order, then defendants shall serve on plaintiffs within five (5) days of service of this order (a) a current detailed, aged accounts receivable report, which shall include the full name, telephone number, and address of the customers, (b) a current detailed, aged accounts payables report, (c) bank statements for all accounts for the past five (5) months, (d) check registers for all accounts for the past three (3) months, (e) the general ledger for the past three (3) months, and (f) checks (front and back) for all accounts for the past month; and

3

(5) it is further ORDERED that a bond is waived in view of defendants now holding $522,704.49 worth of plaintiff's assets; and

(6) it is further ORDERED that plaintiff shall serve defendants a copy of this order and the papers upon which it is based, together with the summons and complaint, by Federal Express or other nationally recognized overnight delivery service on or before Thursday, January 31, 2019; and

(7) it is further ORDERED that defendants shall serve any answering papers by February __15__, 2019; and

(8) it is further ORDERED that defendants show cause in courtroom one of the Terry Sanford Federal Building, 310 New Bern Avenue, Raleigh, North Carolina, on February __19__, 2019, at __8:30 a.m.__, or as soon thereafter as counsel may be heard, why this court should not issue an order pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining defendants, their agents, employees, officers, directors, subsidiaries, related entities, assigns, and banking institutions, from alienating, dissipating, paying over, or assigning any assets of Unique Food, or their subsidiaries or related companies, except for payment to plaintiff L&M $348,398.45 and to plaintiff Palumbo Foods $174,306.04, by bank check or wire transfer.

SO ORDERED. This __8__ day of February 2019.

_____
JAMES C. DEVER III
United States District Judge

4