# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

### Civ. Case No. 5:19-CV-00027-D

L&M COMPANIES, INC., a North Carolina
corporation, and PALUMBO FOODS, LLC.,

        Plaintiffs

vs.

UNIQUE FOOD COMPANY, INC.,
LOUIS J. DEANGELIS, BEVERLY A.
DEANGELIS, LOUIS J. DEANGELIS, JR.,
GINA D. BISSETTE, and BISSETTE
BROTHERS, LLC,

        Defendants

FILED IN OPEN COURT
ON _𝑚𝑚𝑆_ 2/19/19
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

_____/

## CONSENT INJUNCTION AND PACA CLAIMS PROCEDURE ORDER

**WHEREAS**, on January 28, 2019, L&M Companies, Inc. and Palumbo Foods, LLC ("Plaintiffs") commenced the instant action against Defendants Unique Food Company, Inc. ("Unique"), Louis J. Deangelis, Beverly A. Deangelis, Louis J. Deangelis, Jr., Gina D. Bissette, and Bissette Brothers, LLC ("Bissette Bros.") ("Defendants") to enforce the trust provisions of Section 5 (c) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c) ("PACA").

**WHEREAS**, on January 29, 2019, Plaintiffs filed their *ex parte Motion for Temporary Restraining Order* requesting, in part, that the assets of Defendant Unique be restrained. [Dkt. 8].

**WHEREAS**, on February 8, 2019, this Court entered a Temporary Restraining Order on the *ex parte* motion of Plaintiffs restraining and enjoining the assets of Unique or its subsidiaries or related companies, among other relief [Dkt. 22].

- 1 -

**WHEREAS**, on February 8, 2019, the Court granted the *Unopposed Motion to Intervene* filed by D&T Brokerage, Inc. ("D&T Brokerage") and D&T Brokerage filed its *Complaint in Intervention* on February 11, 2019 asserting claims under the PACA. [Dkts. 23 & 24].

**WHEREAS**, on February 11, 2019, proposed Intervenor-Plaintiff C.H. Robinson Worldwide, Inc. ("C.H. Robinson") filed its *Intervenor-Plaintiff C.H. Robinson Worldwide, Inc.'s Joinder in Original Plaintiffs' Motion for Preliminary Injunctive Relief* [Dkt. 26] also asserting claims under the PACA.

**WHEREAS**, Lipman-Texas, LLC, The Thomas Colace Company, Inc., Nickey Gregory Company, LLC, JH Honeycutt & Sons, Inc., and Nature's Way Farms, Inc. (the "Lipman Group") have advised that they also assert claims under PACA and participated in the negotiation and drafting of this *Consent Injunction and PACA Claims Procedure Order*. The Lipman group have or will request leave to intervene in this action.

**WHEREAS**, Bissette Bros. is the owner of the real property having an address of 3731 Centurion Drive, Garner, NC 27529 and the following description

> Being all of that certain tract land containing 2.336 acres (and designated as tract "2") as shown on the map thereof titled "LOT 2, CROSSWINDS INDUSTRIAL PARK" which map is recorded in Book of Maps 2007, Page 278 in the Wake County, North Carolina Register of Deeds Office,
> and being all of the property conveyed to Bissette Brothers, LLC, by that certain North Carolina General Warranty Deed dated August 28, 2012 and recorded in Book 014902 at Page 02648 in the Wake County, North Carolina Register of Deeds Office.

(the "Real Property") which is the subject of a pending sale and which Plaintiffs, D&T Brokerage, C.H. Robinson, the Lipman Group ("PACA Claimants") assert may be subject to the trust provisions of PACA.

**WHEREAS**, the trust provisions of PACA establish a statutory, non-segregated trust under which Defendants are required to hold all qualified trust assets including but not limited to

- 2 -

inventory, proceeds, and accounts receivable in trust for qualified beneficiaries until full payment is made. 7 U.S.C. §499e(c)(2).

**WHEREAS**, counsel for PACA Claimants, D&T Brokerage, C.H. Robinson, the Lipman Group ("PACA Claimants"), and Defendants have conferred and reached an agreement regarding the terms of this Consent Injunction (the "Order") to establish the manner in which the remaining assets of Unique will be liquidated and the rights, liens, claims and priorities determined as to these assets.

**WHEREAS**, PACA Claimants and Defendants have agreed that the sale of the Real Property should proceed on the terms set forth herein.

Accordingly, **IT IS STIPULATED AND AGREED,** by and between PACA Claimants and Defendants as follows:

A)     Unique consents to the entry of an Injunction against it upon the terms reflected in this Order and any additional terms this Court deems necessary to give effect to this joint request for issuance of this Order.

B)     Unique recognizes that PACA Claimants and other similarly situated unpaid suppliers of produce may be entitled to a beneficial interest in the single pool of Unique's PACA trust assets as defined by applicable law and regulation as perishable agricultural commodities received by Unique in all transactions, all inventories of food or other products derived from such perishable agricultural commodities, all receivables or proceeds from the sale of such commodities and food or products derived therefrom and assets commingled with, purchased with or otherwise acquired with such proceeds (the "PACA Trust Assets"). PACA Claimants reserve the right to assert that other assets of Unique and any affiliated entities should be considered or deemed to be included within the definition of PACA Trust Assets, including without limitation, non-produce

- 3 -

related inventory, furniture, fixtures, equipment, vehicles, leases, real property, and leasehold improvements (the "FF&E"). PACA Claimants reserve all rights and claims in and to the assets of Unique and/or any proceeds realized therefrom, and also reserve the right to pursue their deficiency claims, if any, against the principals of Unique and potential transferees of PACA Trust Assets. Defendants reserve all rights, claims and defenses regarding the amount, validity, and PACA trust status of the claims of PACA Claimants or any other similarly situated PACA trust beneficiaries.

C) The parties agree that this Order is reasonable and necessary to provide a procedural framework for the orderly liquidation of Unique's PACA Trust Assets and FF&E, and to review, qualify and satisfy any and all claims against the PACA Trust Assets ("PACA Trust Claims"), to maximize the recovery for all unpaid beneficiaries of the PACA trust, and to ensure the rights of all potential claimants are efficiently addressed in a single proceeding without the expense of administering multiple separate actions to enforce Unique's obligations to all potential PACA trust beneficiaries.

D) Defendants represent that Unique has insufficient cash or other assets from non-PACA trust sources, to the extent such non-PACA trust assets are determined to exist, to finance either the administration of the PACA trust or the marshalling and collection of Unique's assets for the benefit of its PACA trust beneficiaries.

E) This Order may be executed in any number of counterparts with the same effect as if all signatories had signed the same document. All counterparts must be construed together to constitute one instrument.

///

///

- 4 -

Based on the foregoing, **IT IS HEREBY ORDERED,** as follows:

## I.     CONSENT INJUNCTION

1.     Pursuant to Fed. R. Civ. P. 65, this Order is binding upon the parties to this action, their officers, shareholders, directors, employees, agents, banks, factors, lenders, assignees, consultants, advisors, attorneys, and persons acting in concert with them, and all other persons or entities receiving actual notice of the entry of this Order (the "Enjoined Parties"). Actual notice includes receipt of a copy of this Order by personal service, U.S. mail, fax, email, or overnight courier, which service is good and sufficient.

2.     In this regard, Unique is hereby directed to serve a copy of this Order on all financial institutions with which it does any business, or who may be holding any assets for or on behalf of Unique within five (5) days from the date of this Order.

3.     The Enjoined Parties are restrained and prohibited from engaging in, committing, directly or indirectly, any or all of the following acts or activities, except as stated in this Order:

> a.  removing, withdrawing, transferring, concealing, paying, encumbering, assigning, or selling to any other person or entity, the proceeds (including cash and accounts receivable) from any produce sales, including any products derived therefrom, disposing of, destroying, and/or altering the books and business records and computer system including servers of Unique, and

> b.  removing, withdrawing, transferring, concealing, paying, encumbering, assigning, or selling or otherwise dissipating the PACA Trust Assets of Unique and other property which was acquired or maintained with the use of PACA Trust Assets, pending future determination by the Court as to the present nature, location, and value of PACA Trust Assets. These restrictions are not intended to enjoin the

- 5 -

individually-held bank account of Louis J. Deangelis and Beverly Deangelis ending in 1193 held at Fidelity Bank. To the extent this account has been restricted under the terms of the *Temporary Restraining Order* entered in this matter [Dkt. 22], Fidelity Bank is hereby authorized and directed to remove such restraints on this account only. PACA Creditors reserve the right to assert that any funds or assets of the individual Defendants are subject to the PACA Trust.

4.      Considering the Motion is uncontested by Defendants, the remedial nature of PACA, and in recognition of the fact that Unique is currently in possession of the PACA Trust Assets, the Court finds good cause to set the bond in this matter at $0.00.

## II.    CLAIMS STAYED AGAINST INDIVIDUAL DEFENDANTS AND BISSETTE BROTHERS, LLC

5.      Claims for personal liability against Louis J. Deangelis, Beverly A. Deangelis, Louis J. Deangelis, Jr., and Gina D. Bissette (the "Individual Defendants") are hereby stayed for 120 days in order to conserve the resources of the parties. All Individual Defendants will be available for deposition as Rule 30(b)(6) witnesses. This paragraph does not stay discovery for the purpose of tracing PACA trust assets nor does it stay the parties from seeking to enforce the injunctive relief entered against the Defendants. Prior to the expiration of the 120 day stay period, the stay may be lifted by agreement of the parties or order of this Court.

## III.   SALE OF THE REAL PROPERTY

6.      Defendant Bissette Bros. may sell the Real Property for its fair market value, but the proceeds of sale, after deduction of outstanding balances owed to mortgage holders, standard closing costs, and $35,000.00 to be disbursed to Defendants' counsel Parker Poe Adams & Bernstein LLP (the "Net Proceeds"), shall be deposited into the PACA Trust Account, provided that Bissette Bros. reserves all rights concerning the Net Proceeds. Bissette Bros. will provide

Notice Counsel with prompt responses to reasonable questions concerning the status of the sale of the Real Property, including delivery of the Settlement Statement to Notice Counsel prior to closing. Bissette Bros. will not voluntarily consent to any further lien or encumbrances being placed on the Real Property or proceeds from the sale thereof. L&M Companies, Inc.'s and Palumbo Foods, LLC.'s Notice of Pending Suit will remain recorded on the Real Property until its sale and confirmation that the Net Proceeds will be sent to the PACA Trust Account.

## IV. ESTABLISHMENT OF THE PACA TRUST ACCOUNT.

7. John Bircher ("Administrative Counsel") is hereby directed to, within three (3) business days of this Order, open an account under Unique's tax ID number at a federally insured financial institution, with such account to be opened under the account name of "Unique PACA Trust Account" (the "PACA Trust Account"). Administrative Counsel shall be the sole signatory on the PACA Trust Account. Administrative Counsel may, at his sole discretion, open and maintain this account in the manner of and using the software regularly used for his Chapter 7 and Chapter 12 Bankruptcy Trustee accounts.

8. No later than five (5) business days after the opening of the PACA Trust Account, Defendants shall transfer or cause to be transferred all funds of Unique in their possession, custody or control to Administrative Counsel, for deposit into the PACA Trust Account. Any and all funds of Unique on deposit at banking or financial institutions shall be transferred to and deposited into the PACA Trust Account.

9. No distributions or withdrawals may be made from the PACA Trust Account, except as authorized in this Order, by further Order of this Court, or by agreement in writing between Administrative Counsel and the following counsel:

- 7 -

| | |
|---|---|
| Louis W. Diess, III, Esq.<br>Kate Ellis, Esq.<br>McCarron & Diess<br>4530 Wisconsin Ave. NW, Suite 301<br>Washington, DC 20016<br>ldiess@mccarronlaw.com<br>kellis@mccarronlaw.com | Brian D. Darer, Esq.<br>Parker Poe Adams & Bernstein LLP<br>301 Fayetteville Street, Suite 1400<br>Raleigh, NC 27601<br>briandarer@parkerpoe.com<br><br>William P. Janvier<br>Janvier Law Firm PLLC<br>311East Edenton Street<br>Raleigh, NC 27601<br>bill@janvierlaw.com |
| Robert E. Goldman<br>Law Office of Robert E. Goldman<br>1 East Broward Boulevard<br>Suite 700<br>Fort Lauderdale, FL 33301<br>robert@goldmanlaw.com | Bruce William Akerly<br>Akerly Law PLLC<br>878 South Denton Tap Road<br>Suite 100<br>Coppell, TX 75019<br>bakerly@akerlylaw.com |
| Mark A. Amendola<br>Martyn & Associates<br>820 W. Superior Avenue<br>10th Floor<br>Cleveland, OH 44113<br>mamendola@martynlawfirm.com | |

hereafter, the "Notice Counsel."

10. The PACA Trust Account is not subject to execution by any other creditor of Unique or its affiliated or related companies.

11. Administrative Counsel shall promptly forward to Notice Counsel all monthly statements from the PACA Trust Account.

12. Any and all interest which accrues on the funds in the PACA Trust Account, or which has accrued on any PACA Trust Assets on deposit in any other account prior to being transferred to the PACA Trust Account as set forth herein, from the date the account was opened

to the date of distribution, shall follow the funds into the hands of the parties ultimately deemed by a court of competent jurisdiction to be entitled to such funds.

## V.    **PERMITTED USE OF PACA TRUST ASSETS**

13.    For the purposes of this Order, the Court finds that there is insufficient cash or other assets from non-PACA trust sources, to the extent such non-PACA trust assets are determined to exist, to finance either the administration of the PACA trust or the marshalling and collection of Unique's assets for deposit into the PACA Trust Account.

14.    Accordingly, the Court further finds that it is necessary that PACA Trust Assets be utilized in order to enable the administration and collection of Unique's assets.  PACA Creditors acknowledge that their interests, and those of similarly situated PACA trust creditors, are best served if some expenditures from the common fund are used for marshalling and maximizing PACA Trust Assets.

## VI.    **COLLECTION AND LIQUIDATION OF THE ASSETS**

15.    Administrative Counsel is hereby authorized to take all reasonable and necessary means to secure and preserve the assets of Unique for the benefit of the PACA trust beneficiaries.

16.    Administrative Counsel is hereby authorized and directed to identify and collect the accounts receivable of Unique and preserve funds so collected for the benefit of all PACA trust creditors, as their respective interests may appear, by depositing them in the PACA Trust Account.

17.    Subject to the prior written approval of the Notice Counsel, Administrative Counsel is hereby authorized to sell for fair market value the assets of Unique, including any and all vehicles, furniture, fixtures, and equipment, by commercially reasonable means; provided, that any such sale shall be on not less than five (5) business days' notice to the Notice Counsel.

- 9 -

18.     Any and all funds realized from the liquidation of such assets shall be deposited in the PACA Trust Account and shall retain their character as identifiable proceeds of such assets. Any and all claims, liens, or interests in the proceeds deposited in the PACA Trust Account, including any claims of the PACA Trust Beneficiaries, shall attach to the proceeds realized from the sale of such assets and the priority of claims to such proceeds shall be determined by the Court according to the procedures set forth herein.

19.     If a secured creditor of Unique seeks to enforce a competing lien on the PACA Trust Assets by requesting an appointment of a receiver, it must first move to consolidate the actions and Unique must stipulate to such consolidation.

20.     Defendants or Administrative Counsel, with the written consent of Notice Counsel, may dispose of any perishable goods which no longer have any market value.

## VII.    COSTS AND EXPENSES OF MARSHALLING ASSETS

21.     All PACA trust beneficiaries share the burden of the costs and expenses necessary to marshal Unique's assets, including those incurred by Administrative Counsel in administering the collection of Unique's assets and the PACA Claims Procedure.

22.     In order to facilitate the liquidation and collection of the assets of Unique, Administrative Counsel may use funds from the PACA Trust Account pursuant to a Budget agreed to in writing by Administrative Counsel and Notice Counsel.

23.     With respect to Administrative Counsel's fees and costs, Administrative Counsel shall serve via fax or e-mail the attorneys of record for the PACA trust beneficiaries, including but not limited to the Notice Counsel, with his proposed fees and costs that benefitted the PACA trust beneficiaries ("Administrative Costs") on a monthly basis. If no written objections are made within five (5) business days after the date of notification, Administrative Counsel is authorized

- 10 -

to withdraw monies from the PACA Trust Account to pay the Administrative Costs. In the event

an objection to payment is made and cannot be resolved by the parties, the objecting party shall,

no later than ten (10) business days after the date of its objection, submit the dispute by motion

to the Court. If the dispute is not submitted to the Court within this time frame, the objection is

deemed to be withdrawn, and Administrative Counsel is authorized to withdraw monies to pay

the Administrative Costs.

## VIII. CLAIMS PROCEDURE

24.     The efficient administration of justice requires that all persons claiming an interest in

the assets of Unique or to be PACA trust creditors of Unique assert their rights in this action by an

established bar date in order to close the class of PACA creditors, to prove their claims, share in any

distribution of trust assets recovered, avoid duplicate actions and determine the amount of liability, if

any, of Unique.

25.     All creditors asserting claims under the PACA trust or rights to Unique's assets

including any secured creditor of Unique, or whose interests may be affected by this Order or the

results of this action, are hereby granted leave to intervene in this matter pursuant to Federal Rule

of Civil Procedure 24(a) without further Order of this Court.

26.     Administrative Counsel shall notify all creditors of Unique, as identified in Unique's

most recent accounts payable list or who Unique otherwise identifies as a creditor, secured or

otherwise, who have not appeared in this action, of this Order and the procedures set forth herein. To

do so, Administrative Counsel shall, no later than the Deadline for Administrative Counsel to Serve

Notice of Deadlines Administrative Counsel, file and serve a written notice (the "Notice"), in a

form substantially similar to the notice attached as **Exhibit 1**, to all creditors of Unique who have

not appeared in this action. Such Notice must attach a copy of this Order and a PACA Proof of

- 11 -

Claim form ("PACA Proof of Claim"), in a form substantially similar to the form attached as **Exhibit 2**, for the convenience of the recipient, and must be sent via certified mail, return receipt requested or equally verifiable means, such as Federal Express or other overnight delivery service, to prove delivery upon the recipient. Administrative Counsel shall promptly file a proof of service of the Notice.

27.     The procedures set forth herein, and those reflected in the Notice, shall be structured on the following schedule:

| | |
|---|---|
| **Deadline for Administrative Counsel to Serve Notice of Deadlines** | March 5, 2019 |
| **Deadline to Intervene** | March 26, 2019 |
| **Deadline to File PACA Proof of Claim** | March 26, 2019 |
| **Deadline for Objections to Claims** | April 16, 2019 |
| **Deadline for Responses to Claims Objections** | April 30, 2019 |
| **Deadline to File Motion to Rule on Objections** | May 14, 2019 |
| **Deadline to File PACA Trust Chart and Move for Interim Distribution of Available Funds** | May 14, 2019 |
| **Deadline to File Objections to PACA Trust Chart and Motion for Interim Distribution of Available Funds** | May 28, 2019 |
| **Deadline to Reply to Objection to PACA Trust Chart and Motion for Interim Distribution of Available Funds** | June 11, 2019 |

28.     Any creditor claiming PACA trust rights against Defendants and wishing to share in any distribution in this action must, (a) on or before the "Deadline to Intervene," file and serve a Complaint in Intervention which complies with Rules 8 and 24 of Federal Rules of Civil Procedure; and (b) on or before the "Deadline to File PACA Proof of Claim," file with the Court and serve on Notice Counsel and Administrative Counsel the PACA Proof of Claim substantially similar to the form attached hereto as Exhibit 2, together with all supporting documents.

- 12 -

29.     Any individual or entity not asserting a PACA Trust Claim, but wishing to challenge the scope, validity, or application of the PACA trust in this action, including any secured creditors of Unique, must file and serve a Complaint in Intervention, only, in the manner set forth herein, and subject to the deadlines set forth herein.  Any individual or entity which does not comply with this paragraph shall be forever barred from challenging the scope, validity, or application of the PACA trust in this matter, including but not limited to the validity of a PACA Trust Claim or whether Unique's assets are subject to the trust provisions of PACA, whether in this Court or any other forum.

30.     **ANY CLAIMS NOT TIMELY FILED AND SERVED SHALL BE FOREVER BARRED**, and any documents relied upon by the PACA claimant to support its claim which are not filed and served in accordance with this Order shall be inadmissible at any evidentiary hearing or trial conducted in this proceeding.  This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.  By filing a Complaint in this matter, the claimant acknowledges, agrees, and consents to the following: (a) that it voluntarily subjects itself to the jurisdiction of this Court for all purposes relating to the claims against Defendants; (b) that it has read and understands this Order; (c) that by submitting a claim, it consents to the terms and agrees to be bound by this Order; (d) that the PACA Claims Procedure involves the collection of PACA Trust Assets for the common benefit of all PACA trust beneficiaries under the common fund; (e) that Administrative Costs and budgetary expenditures will be paid, subject to the procedures and limitations stated in this Order, with the possible consequence that those payments may be made before PACA Trust Beneficiaries are paid in full; and (f) waiver of any potential rights to object to the Administrative Costs or budgetary expenditures, except as expressly provided in paragraph 21.

31.     Regardless of how many Complaints, Amended Complaints, or Complaints in Intervention are filed, Defendants may file an omnibus answer to all Complaints. Defenses against specific claims shall be adjudicated through the claims procedure outlined herein.

32.     Any objections to any PACA claims must be filed with the Clerk of the Court and served upon all Notice Counsel and Administrative Counsel, as well as on the PACA claimant whose claim is the subject of the objection. Any and all such objections must be filed and served on or before the "Deadline for Objections to Claims" set forth herein ("Timely Objection"). The Timely Objection must set forth **in detail** the legal and factual basis for the objection. Any additional evidence which the objecting party wishes the Court to consider when resolving the objection must be filed with the Timely Objection. Any objections to any PACA claims shall be deemed waived if not raised as specified herein.

33.     On or before the "Deadline for Responses to Claims Objections" set forth herein, any PACA claimant whose claim is subject to a Timely Objection may file with the Court a detailed response to any Timely Objection received, and serve same on all Notice Counsel, as well as counsel for the objecting party. A claim will be disallowed if a Timely Objection was filed and the claimant fails to file and serve a timely response.

34.     Any PACA claim listed on a PACA Proof of Claim, to which no Timely Objection has been filed and served on or before the Objection Deadline, shall be deemed a valid PACA Trust Claim for the full amount stated in the PACA Proof of Claim. If a PACA Trust Claim is subject to a Timely Objection as to only a part of the claim's total amount, that claim will be deemed a valid PACA Trust Claim only to the extent it is not subject to the Timely Objection.

35.     The claimant and the objecting party shall thereafter exercise best efforts to resolve any Timely Objections. Nothing in this Order shall prevent any party from conducting discovery,

- 14 -

before or after any PACA Proof of Claim or Timely Objection has been filed. This does not preclude a party from objecting to discovery. In the event the claimant and the objecting party are unable to resolve such dispute or the Timely Objection is not withdrawn, the objecting party shall file a Motion to Rule on Objection on or before the "Deadline to File Motion to Rule on Objections" set forth herein. The Motion to Rule on Objection must set forth in detail the legal and factual bases for the validity of the Timely Objection. Any objecting party that does not file a Motion to Rule on Objections prior to the "Deadline to File Motion to Rule on Objections" set forth herein shall be deemed to have waived its objection, and the claim will be deemed a valid PACA Trust Claim.

36.    On or before the "Deadline to File PACA Trust Chart and Move for Interim Distribution," Administrative Counsel shall prepare a chart listing each party or entity having properly and timely filed a verified PACA Proof of Claim, the amount of its claim as set forth on the PACA Proof of Claim, the amount which is deemed valid due to no Timely Objections being filed and the amount, if any, subject to a pending objection (the "PACA Trust Chart"). The PACA Trust Chart will also list the funds available for an immediate distribution ("Available Funds") from the PACA Trust Account. Administrative Counsel shall simultaneously file with the Court and serve on all parties a motion requesting distribution of the Available Funds to the qualified PACA trust creditors in accordance with the PACA Trust Chart. The PACA Trust Chart and Motion for Interim Distribution shall be filed with the Court and served upon all parties.

37.    Any objection to the PACA Trust Chart or Motion for Interim Distribution of Available Funds, which may be made by any party in interest, shall be filed with the Court and served on all counsel of record on or before the "Deadline to File Objections to PACA Trust Chart and Motion for Interim Distribution of Available Funds" set forth above. Absent an objection,

- 15 -

Administrative Counsel shall, and is hereby authorized to, make an interim distribution of Available Funds to be paid pro-rata to the holders of valid claims listed on the PACA Trust Chart. Administrative Counsel shall make the distribution payable to the client trust account of the claimant's attorney of record. If an attorney represents more than one claimant, the distribution may be made in one lump sum in the aggregate amount of all the attorney's clients' distributions. Each attorney has the duty to then distribute the funds to his or her clients in accordance with the PACA Trust Chart. The pro-rata portion of any claim subject to an objection shall be held in the PACA Trust Account until such time as the objection to the particular proposed distribution is resolved. Upon resolution of the objection, the reserve portion is either used to make the pro-rata distribution to the claim if the claimant prevails or is made available for distribution to other valid claims if the objection is sustained.

38.     On or before the "Deadline to Reply to any Objection to PACA Trust Chart and Motion for Interim Distribution of Available Funds," any movant may file with the Court and serve on all parties and the attorney for the objecting party, a reply to the objection which may include a request for a hearing.

39.     Subsequent distributions shall be filed in a like manner and subject to the same objection and reply procedures set forth above.

## IX.    **EXPEDITED DISCOVERY**

40.     Defendants shall provide Notice Counsel with access to Unique's non-privileged business books and records, including, without limitation, all invoices, credit memoranda, accounts-receivable ledgers, insurance policies, inventory lists, accounts-payable lists, customer lists, vendor invoices and access to Unique's accounting software and related passwords.

41.     No later than five (5) business days after entry of this Order, Defendants shall provide a detailed listing of all cash, checks, deposits or other monies in their possession, custody

or control, outstanding accounts receivable, including credit transactions, accounts payable, current banking statements, and a detailed itemization of the assets and liabilities Unique to Plaintiff's counsel.

42.    No later than five (5) business days after the date of this Order, Defendants shall provide to Notice Counsel a detailed listing of all cash, checks, deposits or other monies in their possession, custody or control, including current banking statements of all bank accounts for Unique.

43.    The Parties agree that during the pendency of this action, and continuing thereafter, Notice Counsel and their agents, or representatives, shall have full and complete and continuing access to all of Unique's non-privileged books and records relating to Unique's business status from commencement of Unique's business activities for the purpose of verifying Unique's accountings required by this Order and for enforcement of this Order. Defendants shall, upon 48 hours' notice by Notice Counsel, allow inspection and copying of the non-privileged books and records of Unique by Notice Counsel or their representatives at Unique's places of business.

44.    Notice Counsel shall have leave to issue subpoenas to, among other things, identify third party transferees who are in possession or control of PACA Trust Assets and to determine the amount of PACA Trust Assets transferred.

X.    **ADMINISTRATIVE ISSUES**

45.    This Court shall exercise exclusive *in rem* jurisdiction over this action, the PACA Trust Assets, and the PACA Trust Account established pursuant to this Order. The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure.

46.    So that all trust beneficiaries share the burden of the expenses incurred in administering the trust on the same pro-rata basis as they are accepting the benefits of such actions,

- 17 -

including the prospective costs of marshalling the trust assets for their benefit, the Court may direct payment of <u>reasonable</u> reimbursement for attorneys' fees and costs to a Plaintiff to the extent its actions benefit the trust beneficiaries, and reimbursement of their costs upon separate application and order, after notice to all creditors and hearing if necessary.

47.     Since the initial disclosures and discovery are, in part, being provided for in this Order, the parties to this action are relieved of complying with Rule 26 of the Federal Rules of Civil Procedure.

48.     Administrative Counsel shall have no responsibility or obligation to any person or entity with respect to the PACA Trust Account, or the tasks to be performed hereunder, other than to comply in good faith with the terms of this Order and other Orders of this Court. Administrative Counsel may rely upon and shall be protected in acting or refraining from acting upon any statement, certificate, notice, request, consent, order or other documents (including Defendant's books and records) reasonably believed to be genuine and to have been signed or presented by the proper party or parties, or their counsel. Administrative Counsel shall have no duty or liability to verify any such statement, certificate, notice, request, consent, order or document. Administrative Counsel shall not be liable for any mistake of fact or error or judgment or for any act done or omitted in good faith as required or permitted by this or other orders of this Court. Administrative Counsel shall be under no obligation to institute or defend any action, suit or proceeding in connection with the PACA Trust Account.

IT IS SO ORDERED.

_4 Dever_
JAMES C. DEVER III
United States District Judge

Dated this __19__ day of _February_, 2019.

**STIPULATED AND AGREED BY THE PARTIES:**

| LAW OFFICE OF ROBERT E. GOLDMAN | PARKER POE ADAMS & BERNSTEIN LLP |
|---|---|
| By: /s/ Robert E. Goldman<br>Robert E. Goldman<br>1 East Broward Boulevard<br>Suite 700<br>Fort Lauderdale, FL 33301<br>954-745-7450<br>Fax: 954-745-7460<br>robert@goldmanlaw.com<br>*Special Appearance Counsel for Plaintiffs L&M Companies, Inc. and Palumbo Foods, LLC*<br><br>POYNER SPRUILL LLP<br><br>By: /s/ Kevin Michael Ceglowski<br>Kevin Michael Ceglowski<br>Post Office Box 1801<br>301 Fayetteville Street, Suite 1900<br>Raleigh, NC 27601<br>919-783-2853<br>Fax: 919-783-1075<br>kceglowski@poynerspruill.com<br>*Local Civil Rule 83.1 Counsel for Plaintiffs L&M Companies, Inc. and Palumbo Foods, LLC* | By: /s/ Brian D. Darer<br>Brian D. Darer<br>Catherine G. Clodfelter<br>301 Fayetteville Street, Suite 1400<br>Raleigh, NC 27601<br>919-828-0564<br>Fax: 919-834-4564<br>briandarer@parkerpoe.com<br>catherineclodfelter@parkerpoe.com<br>*Counsel for Defendants Unique Food Company, Inc. ("Unique"), Louis J. Deangelis, Beverly A. Deangelis, Louis J. Deangelis, Jr., Gina D. Bissette,, and Bissette Brothers, LLC* |
| MARTYN & ASSOCIATES<br><br>By: /s/ Mark A. Amendola<br>Mark A. Amendola<br>820 W. Superior Avenue<br>10th Floor<br>Cleveland, OH 44113<br>216-861-4700<br>Fax: 216-861-4703  mamendola@martynlawfirm.com<br>*Special Appearance Counsel for C.H. Robinson Worldwide, Inc.* | AKERLY LAW PLLC<br><br>By: /s/ Bruce William Akerly<br>Bruce William Akerly<br>878 South Denton Tap Road<br>Suite 100<br>Coppell, TX 75019<br>469-444-1878<br>Fax: 469-444-1801<br>bakerly@akerlylaw.com<br>*Special Appearance Counsel for Intervenor D&T Brokerage, Inc.* |

| HENDRICK, BRYANT & NERHOOD, LLP | MCANGUS GOUDELOCK & COURIE, PLLC |
|---|---|
| By: /s/ Timothy Nerhood<br>Timothy Nerhood<br>723 Coliseum Drive, Suite 101<br>Winston-Salem, NC 27106<br>336-723-7200<br>tnerhood@hendricklawfirm.com<br>*Local Civil Rule 83.1 Counsel for C.H.*<br>*Robinson Worldwide, Inc.* | By: /s/ Luke A. Dalton<br>Luke A. Dalton<br>Post Office Box 12327<br>Wilmington, NC 28405<br>910-726-1122<br>Fax: 910-920-9157<br>luke.dalton@mgclaw.com<br>*Local Civil Rule 83.1 Counsel for Intervenor D&T*<br>*Brokerage, Inc.* |
| McCARRON & DIESS<br><br>By: /s/ Kate Ellis<br>Kate Ellis<br>Md. Federal Bar No. 16373<br>4530 Wisconsin Ave., NW, Ste. 301<br>Washington, D.C. 20016<br>Phone: (202) 364-0400<br>Fax: (202) 364-2731<br>kellis@mccarronlaw.com<br>*Special Appearance Counsel for Lipman-*<br>*Texas, LLC, The Thomas Colace Company,*<br>*Inc., Nickey Gregory Company, LLC, JH*<br>*Honeycutt & Sons, Inc., and Nature's Way*<br>*Farms, Inc.*<br><br>NELSON MULLINS RILEY &<br>SCARBOROUGH LLP<br><br>By: /s/ Leslie Lane Mize<br>Leslie Lane Mize<br>North Carolina Bar No. 32790<br>4140 Parklake Avenue, Suite 200<br>Raleigh, North Carolina 27612<br>Phone: (919) 877-3849<br>Fax: (919) 877-3983<br>leslie.mize@nelsonmullins.com<br>*Local Civil Rule 83.1 Counsel for Lipman-*<br>*Texas, LLC, The Thomas Colace Company,*<br>*Inc., Nickey Gregory Company, LLC, JH*<br>*Honeycutt & Sons, Inc., and Nature's Way*<br>*Farms, Inc.* | |

# EXHIBIT 1

## (NOTICE OF CONSENT INJUNCTION AND PACA CLAIMS PROCEDURE ORDER)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

### Civ. Case No. 5:19-CV-00027-D

L&M COMPANIES, INC., a North Carolina
corporation, and PALUMBO FOODS, LLC.,

             Plaintiffs

vs.

UNIQUE FOOD COMPANY, INC.,
LOUIS J. DEANGELIS, BEVERLY A.
DEANGELIS, LOUIS J. DEANGELIS, JR.,
GINA D. BISSETTE, and BISSETTE
BROTHERS, LLC,

             Defendants

_____/

## NOTICE OF CONSENT INJUNCTION AND PACA CLAIMS PROCEDURE ORDER

**TO:  All Creditors of Unique Food Company, Inc.**

PLEASE TAKE NOTICE, that, on _____, this Court entered a Consent Injunction

and PACA Claims Procedure Order ("Order"), which set a bar date to assert claims arising under the

Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(2) (the "PACA Trust

Claims") against Unique Food Company, Inc. ("Unique"), and for any party challenging the scope or

application of the PACA trust to intervene in this action. The Order sets forth a procedure to

determine the valid PACA Trust Claims against Unique which is summarized below. A copy of the

Order is attached hereto.[1]  Your rights may be affected. **You should read these papers carefully**

---

[1]     In the event there is a discrepancy between this Notice and the Consent Injunction and
Order for PACA Claims Procedure, the provisions of the Consent Injunction and Order for PACA
Claims Procedure shall control.

- 1 -

**and discuss them with your lawyer. (If you do not have a lawyer, you may wish to consult one.)**

1.      Administrative Counsel[2] is sending this Notice and a copy of the Order to each creditor of Unique.

2.      Any individual or entity receiving this Notice who believes it is a PACA trust beneficiary of Unique and who wishes to share in the PACA Trust Assets of Unique is required to intervene in this action on or before _____ by filing with the Court a Complaint in Intervention which complies with Rules 8 and 24 of the Federal Rules of Civil Procedure. Said persons or entities shall also serve these pleadings on all counsel listed in paragraph 5 herein on or before _____.

3.      In addition to filing and serving a Complaint in Intervention, each potential PACA trust claimant shall also complete and file a Declaration and PACA Proof of Claim ("PACA Proof of Claim") substantially similar to the form attached hereto, on or before _____, attaching copies of documents supporting its status as a PACA trust beneficiary, and serve the PACA Proof of Claim and supporting documents as required herein.

4.      **Any individual or entity not asserting a PACA Trust Claim, but wishing to challenge the scope, validity, or application of the PACA Trust in this action must file and serve a Complaint in Intervention, only, in the manner set forth herein, on or before _____. Any individual or entity which does not comply with this paragraph shall be forever barred from challenging the scope, validity, or application of the PACA Trust in this matter, including but not limited to the validity of a PACA Trust Claim or whether**

---

[2]      Terms not otherwise defined herein shall have the definition found in the Consent Injunction and PACA Claims Procedure Order.

**Unique's assets are subject to the trust provisions of PACA, whether in this Court or any other forum.**

5.      Each Complaint in Intervention and PACA Proof of Claim, with supporting documents, must be filed with the United States District Court for the Eastern District of North Carolina (the "Court") Clerk of the Court for this District, and served by email or mail on the following counsel of record in this case:

| | |
|---|---|
| Louis W. Diess, III, Esq.<br>Kate Ellis, Esq.<br>McCarron & Diess<br>4530 Wisconsin Ave. NW, Suite 301<br>Washington, DC 20016<br>ldiess@mccarronlaw.com<br>kellis@mccarronlaw.com | Brian D. Darer, Esq.<br>Parker Poe Adams & Bernstein LLP<br>301 Fayetteville Street, Suite 1400<br>Raleigh, NC 27601<br>briandarer@parkerpoe.com |
| Robert E. Goldman<br>Law Office of Robert E. Goldman<br>1 East Broward Boulevard<br>Suite 700<br>Fort Lauderdale, FL 33301<br>robert@goldmanlaw.com | Bruce William Akerly<br>Akerly Law PLLC<br>878 South Denton Tap Road<br>Suite 100<br>Coppell, TX 75019<br>bakerly@akerlylaw.com |
| Mark A. Amendola<br>Martyn & Associates<br>820 W. Superior Avenue<br>10th Floor<br>Cleveland, OH 44113<br>mamendola@martynlawfirm.com | |

6.      **ANY CLAIMS NOT TIMELY FILED ON OR BY _____ SHALL BE BARRED.** By asserting a Complaint in this matter, the party acknowledges, agrees, and consents to the following: (1) that it voluntarily subjects itself to the jurisdiction of this Court for all

- 3 -

purposes relating to the claims against Defendants; (2) that it has read and understands this Order; (3) that by submitting a claim, it consents to the terms and agrees to be bound by this Order; (4) that the PACA Claims Procedure involves the collection of PACA Trust Assets for the common benefit of all PACA trust beneficiaries under the common fund; (5) that Administrative Costs and budgetary expenditures will be paid, subject to the procedures and limitations stated in this Order, with the possible consequence that those payments may be made before PACA Trust Beneficiaries are paid in full; and (6) waiver of any potential rights to object to the Administrative Costs or budgetary expenditures, except as expressly provided in the Order.

7. Any produce supplier who fails to timely intervene and file a PACA Proof of Claim with the Court and serve the counsel identified herein shall be forever barred from thereafter asserting any claim against Unique, and its shareholders, officers, directors, employees, and any third-party recipients of PACA Trust Assets. Each PACA Proof of Claim must be sworn to under penalty of perjury by an owner, an officer, or authorized corporate employee of the claimant having personal knowledge of the facts comprising such claims.

8. Any objections to PACA claims must be served upon the PACA claimant and all attorneys of record by _____.

9. The PACA claimant shall have until _____ to file with the Court and serve the attorney for the objecting party, if represented by an attorney, a response to the objection. A claim will be disallowed if an objection was filed and the PACA claimant fails to file and serve a timely response.

10. The PACA claimant and the objecting party shall exercise best efforts to resolve any objections. In the event the PACA claimant and the objecting party are unable to resolve such dispute or the objection is not withdrawn, the objecting party shall file a motion to rule on its

- 4 -

objection on or before _____. Such motion must set forth in detail the legal and factual basis for the objection to the claim. Any objecting party that does not file a Motion to Rule on Objections by _____ shall be deemed to have waived its objection, and the claim will be deemed a valid PACA Trust Claim.

11.    Any PACA claim listed in a PACA Proof of Claim to which no objection has been filed by the objection date, shall be deemed a valid PACA Trust Claim for the amount stated in the declaration.

12.    Any person wishing to review or copy any documents may make arrangements with the Clerk of the Court to view the documents, or to request copies of certain documents at the requesting party's expense.

# EXHIBIT 2

## (DECLARATION AND PACA PROOF OF CLAIM)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

**Civ. Case No. 5:19-CV-00027-D**

L&M COMPANIES, INC., a North Carolina
corporation, and PALUMBO FOODS, LLC.,

          Plaintiffs

vs.

UNIQUE FOOD COMPANY, INC.,
LOUIS J. DEANGELIS, BEVERLY A.
DEANGELIS, LOUIS J. DEANGELIS, JR.,
GINA D. BISSETTE, and BISSETTE
BROTHERS, LLC,

          Defendants

_____/

### DECLARATION AND PACA PROOF OF CLAIM OF _____ (Claimant)

I, _____ (name of Declarant), declare,

1.    That I am the _____ (title or position) of

_____ (Claimant) (hereinafter referred to as

"Claimant"), and I file this Declaration and declare under penalty of perjury that the following are

true statements and that the attached documents are true and correct copies or original documents,

which are filed with this Declaration for the purpose of supporting Claimant's PACA claim as a

beneficiary of the trust created against Unique Food Company, Inc. ("Unique") pursuant to the

Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et. seq.* and the Code of

Federal Regulations implementing the PACA promulgated by the Secretary of the United States

Department of Agriculture ("USDA"), 7 C.F.R. § 46.46, and I am authorized to make this Declaration

and am competent to testify at trial, if necessary, regarding the statements made in this Declaration.

-7-

2.      Claimant is/is not [circle one] licensed by the USDA—PACA and currently holds

valid PACA license number _____.

3.      That the sales transactions between Claimant and Unique were based on the following

payment term:

[ ]      Payment was due within ten (10) days after the day on which the produce was
         accepted as provided for in the PACA Regulations, 7 C.F.R. §46.2(aa)(5).

[ ]      On _____-day written payment terms from the date of shipment, invoice,
         delivery, acceptance [circle one].  A true and accurate copy of the written
         agreement, if any, providing for such payment terms is attached to this
         Declaration as Exhibit __.

4.      That Claimant sold perishable agricultural commodities (hereinafter "produce") on

credit to Unique as described in the chart(s) attached to this Declaration as Exhibit A.  In each instance,

the produce was received and accepted by Unique, and no adjustments have been made on the invoice

amount except as listed.

In the chart(s), "Invoice Number" refers to the number under which the commodity was sold

to Unique.  "Date of Acceptance (or Invoice or Shipment)" refers to the date which begins the

payment term between the parties.  (For example, if the payment term is the regulatory ten (10) days

from acceptance terms, the date would be the date the produce was accepted by Defendants; if the

payment term is a written twenty-one (21) days from shipment, the date would be the date of

shipment.)  "Payment Due Date" refers to the date payment was due based upon the payment terms

between the parties.  "Date Notice Given" refers to the date Claimant's Notice of Intent to Preserve

Trust Benefits (hereinafter "Trust Notice") was given to Unique, if applicable.  "Elapsed Days" refers

to the total number of days after the payment due date the Trust Notice was given to Defendants, if

applicable.  "Invoice Amount Due" refers to the amount owed and remaining unpaid, whether or not

it qualifies for trust protection.  "PACA Trust Amount" refers to the amount owed and remaining

-8-

unpaid qualifying for trust protection pursuant to the provisions of the PACA.

5.    That Claimant preserved its PACA trust interest against Unique:

[ ]    by serving Trust Notices upon Defendants (7 U.S.C. §499e(c)(3))

[ ]    by including statutorily required language on Claimant's invoice or other billing statement (7 U.S.C. §499e(c)(4)).

6.    That, on the following days, if applicable, Claimant sent via U.S. Mail or facsimile or other    manner    (specify    manner)    (circle    one)    Trust    Notices    to    Unique:

_____.

7.    That true and accurate copies of all Trust Notices, if applicable, are attached hereto as Exhibit __ to this Declaration, copies of all unpaid invoices are attached as Exhibit __, and other evidence to support Claimant's PACA trust claim are attached as Exhibit __.

8.    That the total amount past due and unpaid from Defendants totals $_____, of which I have reason to believe $_____ qualifies for PACA trust protection.

9.    That Claimant provides the following additional information and documents that it believes may be necessary and helpful for the just determination of its claim. [Attach anything else you would like to place before the Court and intend to introduce in connection with proving your claim as a PACA trust beneficiary].

The penalty for presenting a fraudulent claim is a fine of not more than Five Thousand Dollars ($5,000.00) or imprisonment for not more than five (5) years, or both. 18 U.S.C. §152.

I    declare    under    the    penalty    of    perjury,    under    the    laws    of    the    State    of

_____, that the foregoing is true and correct based on my personal knowledge.

Executed _____, 2019, at _____ (insert city), State of

_____ (insert State).

_____
(Type Name)
(Type Your Title)

-9-

| Invoice Number | Date of Acceptance (or Invoice or Shipment) | Payment Due Date | Date Notice Given (If Applies) | Elapsed Days (if Applies) | Invoice Amount Due | PACA Trust Amount |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

EXHIBIT A