IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-27-D

| | |
|---|---|
| L&M COMPANIES, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNIQUE FOOD COMPANY, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

On June 13, 2019, John C. Bircher III, Administrative Counsel ("Administrative Counsel"), moved for Interim Distribution of Available Funds [D.E. 148] ("Interim Distribution Motion"). On June 27, 2019, plaintiffs L & M Companies, Inc. ("L & M") and Palumbo Foods, LLC ("Palumbo") responded in opposition [D.E. 150] and intervenor Select Funding, LLC ("Select Funding") responded in opposition [D.E. 151]. On July 11, 2019, intervenors JH Honeycutt & Sons, Inc., Lipman-Texas, LLC, Nature's Way Farms, Inc., Nickey Gregory Company, LLC, and The Thomas Colace Company, Inc. replied in support of the interim distribution [D.E. 152, 153]. As explained below, the court grants Administrative Counsel's Interim Distribution Motion.

I.

Administrative Counsel submitted the Interim Distribution Motion pursuant to the consent order. See [D.E. 63, 122]. Pursuant to the consent order, Administrative Counsel took steps to secure and preserve assets and to marshal funds of defendant Unique Foods Company, Inc. ("Unique"). Administrative Counsel did so for the benefit of parties claiming entitlement to trust funds arising under the Perishable Agricultural Commodities Act ("PACA") and who submitted proof of those claims according to the procedures provided in the consent order (i.e., the "PACA

Claimants").

Since his appointment, Administrative Counsel has marshaled funds from the sale of real estate that Unique owned and from collecting accounts receivable. See Mot. [D.E. 148] ¶ 3. Administrative Counsel is accumulating additional funds by selling certain equipment that Unique owned, and continuing to collect Unique's accounts receivable. See id. As of June 11, 2019, Administrative Counsel had marshaled $987,905.67. See id. ¶ 4.

Administrative Counsel has determined that $225,000.00 (the "Available Funds") is available for an immediate distribution to PACA Claimants according to the procedures outlined in the consent order. See id. ¶ 5. Administrative Counsel has determined that the remainder of the funds, in the amount of approximately $760,565.29, should be withheld and preserved pending resolution of certain disputes including those (i) regarding disposition of funds from the sale of Unique's real property, which represent the amount of $719,889.34, and (ii) regarding objections to amounts claimed by the PACA Claimants. See id. Additionally, as payment for attorneys' fees, Administrative Counsel has received one payment of $6,314.45 and is due a second payment of $2,249.38. See id. ¶ 6. Administrative Counsel has reflected these amounts as deductions, in the amount of withheld funds. See id.

Administrative Counsel prepared a chart summarizing the following information with respect to the PACA Claimants (the "PACA Trust Chart"):

    a. Asserted PACA Claimants, with principal amounts claimed, accrued interest claimed, fees claimed, total amount claimed, pro rata percentage (per PACA Claimant) of the total dollar amount of all PACA claims, and amount of each claim subject to objection;

    b. Invalid claim amount;

    c. Settled amount;

2

d.  Valid claim amount for first (i.e., "interim") distribution;

    e.  Pro rata share of first distribution of Available Funds;

    f.  Amount of share withheld;

    g.  Distribution for undisputed amount;

    h.  Disputed percentage; and

    i.  Undisputed percentage.

See id. ¶ 7. Administrative Counsel attached a copy of the PACA Trust Chart to the Interim Distribution Motion as Exhibit "A," and the court incorporates the chart by reference.

As illustrated in the PACA Trust Chart, Administrative Counsel has determined the respective percentage of each PACA Claimant's claim that is disputed or undisputed, and has calculated a distribution of the Available Funds for each PACA Claimant based on those respective percentages. In the Interim Distribution Motion, Administrative Counsel proposes to pay each PACA Claimant its undisputed percentage share of the Available Funds and to retain the disputed amounts for subsequent distributions as directed by the court. See id. ¶ 9.

The court has reviewed the objections of L & M, Palumbo, and Select Funding. See [D.E. 150, 151]. The court overrules the objections. See [D.E. 152, 153].

II.

In sum, the court GRANTS Administrative Counsel's Interim Distribution Motion [D.E. 148] and AUTHORIZES Administrative Counsel to make a distribution of the Available Funds as proposed and calculated in the PACA Trust Chart.

3

SO ORDERED. This 11 day of December 2019.

                                                  JAMES C. DEVER III
                                                  United States District Judge