IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-27-D

L&M COMPANIES, INC., et al., )
)
      Plaintiffs, )
)
v. ) **ORDER**
)
UNIQUE FOOD COMPANY, INC., )
et al., )
)
      Defendants. )

On May 14, 2019, defendants Unique Food Company, Inc., Louis Deangelis, Beverly Deangelis, Louise Deangelis, Jr., Gina Bissette, and Bissette Brothers, LLC ("defendants") objected to the claims under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., of plaintiffs Palumbo Foods, LLC ("Palumbo Foods"), L&M Companies, Inc. ("L&M"), Patterson Repack, Inc. ("Patterson Repack"), and Ford's Produce Co. ("Ford's Produce") [D.E. 123, 124, 125, 127]. On May 28 and 30, Palumbo Foods, L&M, and Patterson Repack responded in opposition [D.E. 136, 137, 139]. On June 4, 2019, defendants replied [D.E. 141, 142].

I.

A.

Defendants' first objection to L&M's PACA claim asserts that L&M gave notice too early to preserve its rights under PACA because L&M sent its invoices, on which PACA notice was provided, to defendants before defendants received delivery of L&M's produce. See, e.g., 7 U.S.C. § 499e(c)(3); 7 C.F.R. § 46.46(f)(2)–(4); Kingsburg Apple Packers Inc. v. Ballantine Prod. Co., No. 1:09-CV-901-AWI-JLT, 2010 WL 529486, at *4 (E.D. Cal. Feb. 9, 2010) (unpublished); In re

Bissett Produce, Inc., 512 B.R. 528, 536 (Bankr. E.D.N.C. 2014), aff'd, No. 5:14-CV-451-FL, 2015 WL 868029 (E.D.N.C. Feb. 2, 2015) (unpublished), aff'd sub nom., Derek & Matthew Bissette Farms v. Bissette Produce, Inc., 612 F. App'x 684 (4th Cir. 2015) (per curiam) (unpublished); cf. Produce Alliance v. Let-Us Produce, 776 F. Supp. 2d 197, 201–03 (E.D. Va. 2011). Defendants, however, raised this objection in its motion and not in its objection to L&M's claim, thereby violating this court's consent order. See [D.E. 63] ¶ 32. Thus, the court deems this objection waived.

Defendants' second objection to L&M's PACA claim asserts that L&M failed to disclose the agreed-upon seven-day payment term on its invoices. Parties may opt out of the default ten-day payment requirement by written agreement. See 7 C.F.R. § 46.2(aa)(11); Perfectly Fresh Farms, Inc., 692 F.3d 960, 963 (9th Cir. 2012). The new payment term, however, must be disclosed on "invoices, accountings, and other documents relating to the transaction." 7 U.S.C. § 499e(c)(3). L&M does not contest the fact that the term was not on its invoices. See [D.E. 116]. L&M, however, asserts that the agreement between the parties ended on June 6, 2018. See [D.E. 116-1] at 2. Accordingly, the court sustains defendants' objection as to any payments made under the agreement between L&M and defendants for seven-day payment terms, and allows discovery on how many invoices to which that agreement applied.

Defendants' final objection to L&M's PACA claim asserts that the parties agreed to payment 35 days after delivery and acceptance of produce in violation of PACA. Defendants, however, provided no evidence in their objection of any such agreement, thereby violating this court's consent order. See [D.E. 63] ¶ 32; cf. [D.E. 103]. Thus, the court deems this objection waived.

B.

Defendants' first objection to Palumbo's PACA claim asserts that Palumbo was not a

licensed PACA dealer when it attempted to give PACA notice through its invoices for all produce sold on or before September 20, 2018. See [D.E. 123-1]; [D.E. 137] 2; [D.E. 142] 1. Dealers not licensed under PACA cannot preserve trust rights under 7 U.S.C. § 499e(c)(4), but may preserve trust rights by giving notice under 7 U.S.C. § 499e(c)(3). See In re Enoch Packing Co., 386 F. App'x 611, 613 (9th Cir. 2010) (per curiam) (unpublished); Evergreen Farms & Produce LLC v. ABL Farms, 357 F. Supp. 3d 1252, 1256–57 (N.D. Ga. 2019); In re Choez, 594 B.R. 142, 161 (Bankr. E.D.N.Y. 2018); Bissett Produce, 512 B.R. at 538. Section 4993(c)(3) states that an unpaid seller, like Palumbo, "shall lose the benefits" of the PACA trust if the seller fails to comply with the statute. 7 U.S.C. § 499e(c)(3); see 7 C.F.R. § 46.46(f)(1). Palumbo did not comply with section 4993(c)(3) for its produce sold on or before September 20, 2018, when it failed to file a separate notice of intent to preserve PACA trust rights. See 7 C.F.R. § 46.46(f)(1); Bissett Produce, 512 B.R. at 538; cf. 7 C.F.R. § 46.46(f)(3). Thus, the court sustains defendants' objection as to Palumbo's produce sold on or before September 20, 2018.

Defendants' second and third objections to Palumbo's PACA claim asserts that the contractual payment schedule between Palumbo and Unique did not comply with PACA because Unique's payments were not made within the statutorily-mandated time frame. See [D.E. 123] 5–8; see 7 C.F.R. § 46.46(e)(1), (2); Idahoan Fresh v. Advantage Produce, Inc., 157 F.3d 197, 209 (3d Cir. 1998). Viewing the evidence in a light most favorable to Palumbo, the non-moving party, the court finds that Palumbo and Unique agreed to several successive post-default payment plans. See Exs. B–G [D.E. 123-1]; 7 C.F.R. § 46.46(e)(3); Epic Fresh Produce, LLC v. Olympic Wholesale Produce, Inc., No. 17-cv-8381, 2017 WL 6059971, at *7 (N.D. Ill. Dec. 7, 2017) (unpublished); Heeren, LLC v. Cherry Growers, LLC, No. 1:15-cv-47, 2015 WL 9450851, at *4 (W.D. Mich. Dec. 23, 2015) (unpublished); cf. Spada Properties, Inc. v. Unified Grocers, Inc., 121 F. Supp. 3d 1070, 1086–88

3

(D. Or. 2015). Moreover, assuming arguendo that Palumbo's November 27, 2018 email constitutes a pre-default agreement for future shipments of produce, see Ex. G [D.E. 123-1], the terms comply with PACA. See 7 C.F.R. § 46.46(e)(3). Accordingly, the court overrules defendants' objection.

Defendants' final objection to Palumbo's PACA claim asserts that the court should exclude Palumbo's freight expenses from its claim. Defendants fail to cite any legal authority for its position in either its objection or its motion to rule on the objection, and thereby violated this court's consent order. See [D.E. 63] ¶ 32. Thus, the court deems this objection waived.

C.

The dispute between Patterson Repack and defendants turns on whether Patterson Repack provided sufficient evidence for the court to find that it sent invoices (with PACA notices) to defendants. See 7 U.S.C. § 499e(c)(3); 7 C.F.R. § 46.46(f)(3)–(4); Bissett Produce, 512 B.R. at 533. Viewing the evidence in a light most favorable to Patterson Repack, the non-moving party, the court finds that Patterson Repack has provided such evidence. See [D.E. 86, 86-1, 113, 113-1]; 7 U.S.C. § 499e(c)(3); 7 C.F.R. § 46.46(f)(3)–(4); see D.M. Rothman & Co. v. Korea Commercial Bank of N.Y., 411 F.3d 90, 96–97 (2d Cir. 2005); P.L.U.S. Brokerage, Inc. v. Jong Eun Kim, 908 F. Supp. 2d 711, 716 (D. Md. 2012); Dell's Maraschino Cherries Co. v. Shoreline Fruit Growers, Inc., 887 F. Supp. 2d 459, 477–78 (E.D.N.Y. 2012); cf. PACA Tr. Creditors of Lenny Perry's Produce, Inc. v. Genecco Produce Inc., 913 F.3d 268, 278 (2d Cir. 2019); In re Yoder Co., 758 F.2d 1114, 1120–21 (6th Cir. 1985). Accordingly, the court overrules defendants' objection, and allows discovery on the issue of Patterson Prepack's PACA claim.

D.

Ford's Produce did not respond to defendants' objection to including attorneys' fees and interest in Ford's Produce's PACA claim, and thereby violated this court's consent order. See [D.E.

4

63] ¶ 33; cf. Kenny v. Quigg, 820 F.2d 665, 670 (4th Cir. 1987); Nestorio v. Assocs. Comm. Corp., 250 B.R. 50, 54–55 (D. Md. 2000); In re Blanton, 78 B.R. 442, 444 (D.S.C. 1987). Moreover, the court already addressed this issue. See [D.E. 131] 3. Thus, the court overrules defendants' objection.

II.

On May 14, 2019, L&M, Palumbo Foods, and R.S. Hanline & Co. ("Hanline") objected to the PACA claim of JH Honeycutt & Sons, Inc. ("Honeycutt") [D.E. 128]. On May 28, 2019, Honeycutt responded in opposition [D.E. 135].

L&M, Palumbo Foods, and Hanline object that Honeycutt has not produced evidence to support its claim that Unique was a creditor of Honeycutt, and argue that Honeycutt is entitled only to its pro rata share in this case setoff by whatever amount, if any, that Unique owes. See [D.E. 128] 2. The court sustains L&M, Palumbo Foods, and Hanline's objection, allows Honeycutt to amend its PACA claim, and allows L&M, Palumbo Foods, and Hanline to conduct discovery limited solely to the amount that Unique owes to Honeycutt. See Genecco Produce Inc., 913 F.3d at 276–77; Scott Farms v. Wayne Bailey, Inc., No. 7:18-CV-186-D, 2019 U.S. Dist. LEXIS 170343, at *23–24 (E.D.N.C. Sept. 27, 2019) (unpublished).

On May 14, 2019, L&M, Palumbo Foods, and Hanline objected to Patterson Repack's claim under PACA [D.E. 129]. On May 30, 2019, Patterson Repack responded in opposition [D.E. 139]. This objection turns on the same evidentiary issues concerning whether Patterson Repack sent invoices (with PACA notices) to defendants. See [D.E. 125]. Thus, the court overrules L&M, Palumbo Foods, and Hanline's objections.

On June 10, 2019, L&M, Palumbo Foods, and Hanline moved for reconsideration of this court's order of May 21, 2019 [D.E. 134]. On May 31, 2019, defendants responded in opposition

5

[D.E. 140]. On June 10, 2019, L&M moved for leave to file a sur-reply to defendant's reply of June 4, 2019 [D.E. 144, 144-1]. On June 10, 2019, defendants responded [D.E. 147].

The court grants the motion for leave to file a sur-reply, but denies the motion for reconsideration. Attorney "ignorance or carelessness" does not justify reconsideration under Rule 60(b). Robinson v. Wix Filtration Corp., 599 F.3d 403, 413 (4th Cir. 2010); see Evans v. United Life & Accident Ins. Co., 871 F.2d 466, 472 (4th Cir. 1989); cf. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811–12 (4th Cir. 1988). Alternatively, L&M, Palumbo Foods, and Hanline do not raise a meritorious defense. See Augusta Fiberglass, 843 F.2d at 812; see also Wainwright's Vacations, LLC v. Pan Am. Airways Corp., 130 F. Supp. 2d 712, 718 (D. Md. 2001); cf. [D.E. 134] 2.

### III.

In sum, the court SUSTAINS IN PART defendants' objections [D.E. 123, 124, 125, 127], SUSTAINS IN PART L&M, Palumbo Foods, and Hanline's objections [D.E. 128, 129], DENIES the motion for reconsideration [D.E. 134], and GRANTS L&M's motion to file a sur-reply [D.E. 144].

SO ORDERED. This 13 day of January 2020.

JAMES C. DEVER III
United States District Judge