UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division

Civ. Case No. 5:19-CV-27-D

L&M COMPANIES, INC., a North Carolina
corporation, and PALUMBO FOODS, LLC.,

    Plaintiffs,

vs.

UNIQUE FOOD COMPANY, INC.,
LOUIS J. DEANGELIS, BEVERLY A.
DEANGELIS, LOUIS J. DEANGELIS, JR.,
GINA D. BISSETTE, and BISSETTE
BROTHERS, LLC,

    Defendants.
_____/

## STIPULATED PROTECTIVE ORDER FOR CONFIDENTIALITY

THIS CAUSE came before the Court upon the Stipulation of L&M COMPANIES, INC., PALUMBO FOODS, LLC., ROBINSON WORLDWIDE, INC., D&T BROKERAGE, INC., LIPMAN-TEXAS, LLC, THE THOMAS COLACE COMPANY, INC., NICKEY GREGORY COMPANY, LLC, JH HONEYCUTT & SONS, INC., NATURE'S WAY FARMS, INC., SELECT FUNDING, LLC., UNIQUE FOOD COMPANY, INC., LOUIS J. DEANGELIS, BEVERLY A. DEANGELIS, LOUIS J. DEANGELIS, JR., GINA D. BISSETTE, and BISSETTE BROTHERS, LLC., to a Protective Order for Confidentiality, and the Court having reviewed the Stipulation, and being otherwise duly advised in the premises, ORDERS THAT the Stipulation is approved, and the following procedures shall apply to this case:

///

///

1. **Purposes and Limitations**

The parties have informed the Court that discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, and so they have requested that the Court enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The purpose of this Stipulated Protective Order is to govern the parties' handling, disclosure and use of personal and proprietary information during discovery, mediation and pre-trial motions. This Stipulated Protective Order does not govern testimony at trial or in any hearing; nor does this Stipulated Protective Order govern any tangible thing that may be offered into evidence at any trial or hearing. Nothing in this Stipulated Protective Order should be read as authority to restrict public access to judicial records, court testimony, matters in evidence, or to any information relied upon by a court in making its decisions. Entry of this Stipulated Protective Order does not constitute waiver of any right a party may otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal, and that Court rules set forth the procedures that must be followed to file material under seal.

## 2. Definitions.

A. "CONFIDENTIAL INFORMATION" means any information, document, thing, or portion of any document or thing (whether kept in electronic or hard copy form) which the Producing Party believes in good faith to be entitled to protection from disclosure by law, including pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. This may include information that contains:

(1) trade secrets as defined by law;

(2) competitively sensitive technical, marketing, financial, or sales information, or customer lists, such that disclosure would be likely to be materially detrimental to the conduct of that party's business or the business of any of that party's customers or clients;

(2) private personal information, such as social security numbers; or

(3) information that the Producing Party is obligated to keep confidential from third parties.

The following information shall <u>not</u> be deemed or considered CONFIDENTIAL INFORMATION under this Stipulated Protective Order:

(1) information in the public domain through no fault of the Receiving Party;

(2) information already known by the Receiving Party through proper means; and

3

(3) information that is or becomes available to a Receiving Party from a source (i) other than the party asserting confidentiality and (ii) rightfully in possession of such information on a non-confidential basis.

B. a "Confidential Document" is a document that a party marks as "Confidential."

C. a "Producing Party" means a party that is producing a Confidential Document to another party.

D. a "Receiving Party" means a party that receives a Confidential Document.

3. **Designation as CONFIDENTIAL INFORMATION.**

A. Generally. A Producing Party may designate information as "CONFIDENTIAL" that it believes in good faith merits such designation, including CONFIDENTIAL information about a party in the possession of: (1) the Producing Party, or (2) a non-party pursuant to a subpoena or otherwise. A Producing Party must make good faith efforts to limit any such designation to specific material that qualifies under the appropriate standards and designate for protection only those parts of material, documents, items, or oral or written communications that qualify as CONFIDENTIAL, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

B. Multi-Page Documents. With respect to multi-page documents bound together (by staples or other types of binding), only the first page needs be stamped or marked "CONFIDENTIAL," except that if a multi-page document contains both CONFIDENTIAL INFORMATION and non-confidential information, then the Producing Party shall indicate

4

plainly on the document itself or in a cover memorandum which portions contain CONFIDENTIAL INFORMATION.

        C. <u>Documents that Cannot be Marked "Confidential."</u> If a document containing CONFIDENTIAL INFORMATION cannot be physically or electronically marked with a "CONFIDENTIAL" designation, then the Designating Party may advise the Requesting Party at the time that the document is transmitted that the document is to be treated as confidential pursuant to the terms of this Stipulated Protective Order.

**4.** **Use of CONFIDENTIAL INFORMATION.** A Receiving Party may use CONFIDENTIAL INFORMATION that is disclosed or produced by the Producing Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and not to compete with the Producing Party. Nothing in this Stipulated Protective Order shall prevent a Producing Party from using its own CONFIDENTIAL INFORMATION for any purpose.

**5.** **Non-Disclosure of CONFIDENTIAL INFORMATION.** A Receiving Party and its attorney may not disclose CONFIDENTIAL INFORMATION to others, <u>except</u> that a Receiving Party and its attorney may do the following:

        a. disclose CONFIDENTIAL INFORMATION to their employees, but only to the extent that disclosure is reasonably necessary for this litigation, and provided that they provide a copy of this Stipulated Protective Order to each employee to whom the Confidential Information is to be disclosed prior to the disclosure, and they will be responsible for any violation of this Stipulated Protective Order by their employees;

b. disclose CONFIDENTIAL INFORMATION to the following persons, but only to the extent that disclosure to those persons appears reasonably necessary to support claims and/or defenses in this litigation, and provided that such persons first sign "Acknowledgement and Agreement to be Bound" which is attached hereto at Exhibit "A," and return a signed copy to Counsel for the Producing Party:

(1) experts who are defined as persons with specialized knowledge or experience in a matter pertinent to the litigation who have been retained by the Receiving Party or its counsel to serve as an expert witness or as a consultant in this action and who are not a current employee of a competitor of the Producing Party, and who, at the time of retention, are not anticipated to become an employee of a competitor of the Producing Party;

(2) witnesses at depositions, and their attorneys, but only to the extent that counsel making the disclosure believes in good faith that the witness will be aided by reviewing the document in preparation for that person's deposition or testimony;

(3) potential witnesses in the case, and their attorneys, but only to the extent that counsel making the disclosure believes in good faith that the disclosure is necessary in connection with such preparation of the case;

(4) court reporters, videographers, translators, and copy services; and

(5) any mediator or arbitrator engaged by the parties to this action.

c. the Court and Court personnel involved in this action.

**6. Testimony at Depositions and Hearings.** A party may designate testimony and documents given at a deposition or hearing as CONFIDENTIAL INFORMATION by:

6

(1) making an appropriate statement on the record at the time the testimony is given with the expectation that the reporter shall separately bind transcript pages containing CONFIDENTIAL INFORMATION and affix to the bottom of each such page the legend "Confidential"; or

(ii) notifying the other parties in writing within twenty (20) days after the transcript of such testimony is made available to the parties. Until the expiration of the twenty (20) day period, the entire deposition or hearing transcript will be treated as subject to protection against disclosure under this Stipulated Protective Order. Upon being informed that portions of a deposition or hearing transcript are to be designated CONFIDENTIAL INFORMATION, all parties shall promptly and appropriately mark each copy of the transcript in its custody or control.

7. **Subpoenas.**

A. <u>Served on a Non-Party</u>. If a party serves a subpoena on a non-party who produces documents to the subpoenaing party, then the subpoenaing party shall simultaneously and promptly offer a copy of the produced documents to all other parties, and shall produce them to parties who request copies and who agree to pay the reasonable copy charges therefor. All parties shall treat the documents as CONFIDENTIAL INFORMATION for a period of twenty (20) days after the subpoenaing party has first offered to produce copies of the documents to all other parties. If during the twenty (20) day period a party designates some documents as CONFIDENTIAL INFORMATION, then documents so labeled (or portions thereof) shall be treated as CONFIDENTIAL INFORMATION. This paragraph shall not apply to subpoenas served prior to the entry of this Stipulated Protective Order and documents and information

received by a party pursuant to a subpoena which has been served prior to the entry of this Stipulated Protective Order or to those subpoenaed documents (or portions thereof) that could not in good faith be claimed to contain CONFIDENTIAL INFORMATION.

    B.  Served on a Party. If a party is served with a subpoena or an order issued in other litigation that would compel disclosure of any CONFIDENTIAL INFORMATION (a "Receiving Party"), then the Receiving Party must promptly deliver:

    (1) a copy of the subpoena or court order to the Producing Party so as to give Producing Party a sufficient amount of time to decide whether to object to the subpoena or court order before Receiving Party produces any CONFIDENTIAL INFORMATION; and

    (2) a copy of this Stipulated Protective Order to the party in the other action that caused the subpoena or order to issue.

    C.  Expenses. The Producing Party shall bear the burdens and expenses of seeking protection in that court of its CONFIDENTIAL INFORMATION. If Producing Party files an objection to the production of Confidential Information, then Receiving Party shall not produce same until the resolution of that objection, unless Receiving Party is ordered by a Court to produce such information.

  8.  **Filing with the Court.** Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the

producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

9. **Challenging the Designation.** A Receiving Party may file a motion with the Court to object to the "CONFIDENTIAL" designation at any time, and the Producing Party shall thereafter have the burden of establishing good cause for the CONFIDENTIAL designation. If the Court determines that certain information was not, in good faith, designated as "CONFIDENTIAL," or no longer remains confidential at the time a Receiving Party files a motion to de-designate information, then the Court may, in its discretion, award attorney's fees and costs related to the filing of the motion.

**10.    A Producing Party's Inadvertent Non-Designation of Information.** To the extent consistent with applicable law, a Producing Party's inadvertent non-designation of information as CONFIDENTIAL INFORMATION that should have been designated as such shall not be deemed to waive the Producing Party's claim of confidentiality, in whole or in part, to such information. Such inadvertent non-designations may be rectified by written notification given within a reasonable time after disclosure to counsel for all parties receiving the information that the information should have been designated CONFIDENTIAL INFORMATION. Such notice shall constitute a designation of the information as CONFIDENTIAL INFORMATION under this Stipulated Protective Order.

**11.    A Receiving Party's Unauthorized Disclosure.** If Receiving Party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this Stipulated Protective Order, then Receiving Party must immediately (a) notify Producing Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit "A."

**12.    A Non-Party's CONFIDENTIAL INFORMATION**

A.    The terms of this Order are applicable to information produced by a non-party in this action and designated as "Confidential." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this

Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

    B. In the event that a party is required, pursuant to a valid discovery request, to produce a non-party's CONFIDENTIAL INFORMATION in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's CONFIDENTIAL INFORMATION, then the party shall:

    (1) promptly notify in writing the Requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

    (2) promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the non-party.

    C. If the non-party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the non-party's CONFIDENTIAL INFORMATION responsive to the discovery request. If the non-party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**13. Return or Certification of Destruction of CONFIDENTIAL INFORMATION.** Unless otherwise ordered or agreed in writing by a Producing Party, within sixty (60) days after the final termination of this action, a Receiving Party must:

    A.    return all CONFIDENTIAL INFORMATION to the Producing Party or

    B.    destroy all documents containing CONFIDENTIAL INFORMATION (including without limitation all copies of CONFIDENTIAL INFORMATION made by the recipient and other persons to whom the recipient disclosed CONFIDENTIAL INFORMATION) and provide a certification of compliance with this paragraph.

    C.    Notwithstanding the foregoing, Counsel for any party to the action may retain CONFIDENTIAL INFORMATION, but any CONFIDENTIAL INFORMATION contained in those materials may not be disclosed to any other person.

**14. Miscellaneous.** Nothing in this Stipulated Protective Order shall be construed as an agreement or acknowledgment by the Receiving Party that any document, testimony, or other information designated as "Confidential" is in fact confidential. This Stipulated Protective Order is entered without prejudice to the right of any party to move the court for modification of or relief from any of its terms. The provisions of this Stipulated Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the litigation. The Court shall retain jurisdiction to enforce the terms of this Stipulated Protective Order.

DONE and ORDERED in Chambers in Raleigh, North Carolina, on February 14, 2020.

                                                                            /s/ Dever  
                                                                        JAMES C. DEVER III  
                                                                        U.S. DISTRICT COURT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division**

Civ. Case No. 5:19-CV-27-D

L&M COMPANIES, INC., a North Carolina
corporation, and PALUMBO FOODS, LLC.,

    Plaintiffs,

vs.

UNIQUE FOOD COMPANY, INC.,
LOUIS J. DEANGELIS, BEVERLY A.
DEANGELIS, LOUIS J. DEANGELIS, JR.,
GINA D. BISSETTE, and BISSETTE
BROTHERS, LLC,

    Defendants.
_____/

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____

_____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Court in the above case. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could exposure me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

13

I hereby appoint _____ of _____ [insert name, address, and telephone number] as my North Carolina agent for service of process in connection with this action or any proceeding related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____